UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS

CASE NO:

| | |
|---|---|
| **TRAVIS MCCLINTON** <br> individually and on behalf of all <br> others similarly situated, | **CLASS ACTION** |
| | |
| Plaintiff, | **JURY TRIAL DEMANDED** |
| v. | |
| **TAX RISE, INC.,** | |
| Defendant. <br> _____/ | |

## CLASS ACTION COMPLAINT

Plaintiff Travis McClinton ("Plaintiff") bring this class action against Defendant Tax Rise Inc. ("Defendant") and alleges as follows upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

## NATURE OF THE ACTION

1.      This is a putative class action pursuant to the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq*. (the "TCPA").

2.      To market its services, Defendant uses prerecorded messages to solicit to consumers' cellular phone numbers without first obtaining the required express written consent.

3.      Through this action, Plaintiff seeks injunctive relief to halt Defendant's unlwawful conduct, which has resulted in the invasion of privacy, harassment, aggravation, and disruption of the daily life of thousands of individuals.  Plaintiff also seeks statutory damages on behalf of Plaintiff and members of the Class, and any other available legal or equitable remedies.

## JURISDICTION AND VENUE

4.      This Court has federal question subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq*. ("TCPA").

5.      Defendant is subject to specific personal jurisdiction in Texas because this suit arises out of and relates to Defendant's significant contacts with this State.  Defendant initiated and directed, or caused to be initiated and directed, telemarketing and/or advertisement text messages into Texas in violation of the TCPA.

6.      Specifically, Defendant initiated and directed, or caused to be initiated and directed, the transmission of unsolicited advertisement or telemarketing text messages to Plaintiff's cellular telephone number (the "6572 Number) to sell goods, services or products in Texas. The 6572 Number has an area code that specifically coincides with locations in western Texas State, and Plaintiff received such messages on the 6572 Number while residing in and physically present in Texas.

## PARTIES

7.      Plaintiff is a natural person who, at all times relevant to this action, was a resident of Blanco County, Texas.

8.      Defendant is a corporation whose principal office is located in Irvine, California. Defendant directs, markets, and provides its business activities throughout the state of Texas.

9.      Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, vendors, and insurers of Defendant.

## FACTS

10.     Starting on or about November 6, 2021, Defendant caused multiple prerecorded voice messages to be transmitted to Plaintiff's cellular telephone number ending in 6572 ("6572 Number").

11.     These prerecorded voice messages came from the following telephone numbers: 707-229-1120, 707-755-7193 and 707-368-3183.

2

12.     The prerecorded messages included a prerecorded voice which identified itself as calling from "fresh start info" and states that it is calling to help "resolve tax debt" and provides the callback number of 949-656-3575.

13.     When you call 949-656-3575 you reach Defendant's telephone line.

14.     At the time Plaintiff received these prerecorded voice messages Plaintiff was the subscriber and/or sole user of the 6572 Number.

15.     When Plaintiff listened to the voice messages, he was easily able to determine that they were prerecorded messages. *Rahn v. Bank of Am.*, No. 1:15-CV-4485-ODE-JSA, 2016 U.S. Dist. LEXIS 186171, at *10-11 (N.D. Ga. June 23, 2016) ("When one receives a call, it is a clear-cut fact, easily discernible to any lay person, whether or not the recipient is speaking to a live human being, or is instead being subjected to a prerecorded message.").

16.     Multiple people on the internet have complained about similar calls:



[1]

---
[1] directory.youmail.com/directory/phone/ 7072895871



2



3

---
[2] directory.youmail.com/directory/phone/7076151755
[3] bbb.org/us/ca/irvine/profile/tax-negotiators/tax-rise-inc-1126-172021357/complaints

4



**Customer Response**                                                      05/28/2019

Again, I have requested the opt in info at least 4 times over the last year from Essam Abdullah. Every time these entities have contacted me, I would contact Essam. He would promise to have me removed from all calling lists and promise to send the opt in info. I have continued to receive both calls and texts and have never seen the opt in info. Now my wife and 11yr old child have started receiving texts from these companies. A minimum of 4 unauthorized contacts plus the three recent ones at $500 each for violation of the do not call list, would equal $3500. I will consider this matter resolved once compensation has been agreed upon.

**Complaint Type:** Advertising/Sales Issues   **Status:** Answered

05/02/2019

Tax Rise constantly calls me with different spoofed local Caller ID information. Under the Truth in Caller ID Act, FCC rules prohibit anyone from transmitting misleading or inaccurate caller ID information, with fines of up to $10,000 dollars per incident. I get 2 calls a day from them, and I always call the spoofed local number back. The person on the other end has no idea who I am and no clue about Tax Rise. The last time Tax Rise called them I asked about this and they said that they are BBB accredited and that the BBB would know why they are using local spoofed Caller ID information. I disagree that the BBB has any control over a company's business practices.

**Response**                                                             05/06/2019                        4

Thank you for taking the time to contact us regarding your concerns. We strongly stand behind our business practices and are certain that we are in full compliance with all laws and regulations. We look into this matter further. Thank you for your time and consideration.

17.     Defendant's prerecorded message calls constitute telemarketing/advertising because they promoted Defendant's business, goods and services.

18.     At no point in time did Plaintiff provide Defendant with his express written consent to be contacted by prerecorded message.

19.     Upon information and belief, Defendant caused similar prerecorded messages to be sent to individuals residing within this judicial district.

20.     Defendant's unsolicited prerecorded messages caused Plaintiff additional harm, including invasion of privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion. Defendant's call also inconvenienced Plaintiff and caused disruption to his daily life.

---

[4] *Id.*

## CLASS ALLEGATIONS

### PROPOSED CLASS

21.     Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23, on behalf of

Plaintiff and all others similarly situated.

22.     Plaintiff brings this case on behalf of the Class defined as follows:

**All persons in the United States who, within four years prior to the filing of this
action, received a prerecorded message regarding Defendant's goods, products or
services.**

23.     Plaintiff reserves the right to modify the Class definitions as warranted as facts are

learned in further investigation and discovery.

24.     Defendant and its employees or agents are excluded from the Classes. Plaintiff does not

know the number of members in each the Class but believes the Class members number in the several

thousands, if not more.

### NUMEROSITY

25.     Upon information and belief, Defendant has sent prerecorded messages to the telephone

numbers belonging to thousands of consumers throughout the United States without their prior express

consent.  The members of the Class, therefore, are believed to be so numerous that joinder of all

members is impracticable.

26.     The exact number and identities of the members of the Class are unknown at this time

and can only be ascertained through discovery.  Identification of the Class members is a matter capable

of ministerial determination from Defendant's call records.

### COMMON QUESTIONS OF LAW AND FACT

27.     There are numerous questions of law and fact common to members of the Class which

predominate over any questions affecting only individual members of the Class.  Among the questions

of law and fact common to the members of the Class are:

        a)   Whether Defendant made non-emergency calls to Plaintiff and Class members'

            cellular telephones using a prerecorded message;

    b)   Whether Defendant can meet its burden of showing that it obtained prior express written consent to make such calls;

    c)   Whether Defendant's conduct was knowing and willful;

    d)   Whether Defendant is liable for damages, and the amount of such damages; and

    e)   Whether Defendant should be enjoined from such conduct in the future.

28.     The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely transmits prerecorded messages to telephone numbers assigned to cellular telephone services is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

## TYPICALITY

29.     Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

## PROTECTING THE INTERESTS OF THE CLASS MEMBERS

30.     Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class, and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

## PROCEEDING VIA CLASS ACTION IS SUPERIOR AND ADVISABLE

31.     A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

32.     The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant.  For example,

one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

**COUNT I**
**Violations of the TCPA, 47 U.S.C. § 227(b) and § 64.1200(a)**
**(On Behalf of Plaintiff and No Consent Class)**

33.     Plaintiff re-alleges and incorporates the foregoing allegations as if fully set forth herein.

34.     It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any …artificial or prerecorded voice to any telephone number assigned to a … cellular telephone service …." 47 U.S.C. § 227(b)(1)(A)(iii).

35.     It is a violation of the TCPA regulations promulgated by the FCC to "initiate any telephone call…using an… artificial or prerecorded voice to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call." 47 C.F.R. § 64.1200(a)(1)(iii).

36.     It is a violation of the TCPA regulations promulgated by the FCC to "initiate any telephone call to any residential line using an artificial or prerecorded voice to deliver a message without the prior express written consent of the called party". 47 C.F.R. § 64.1200(a)(3).

37.     It is a violation of the TCPA to "initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party…." 47 U.S.C. § 227(b)(1)(B).

38.     Additionally, it is a violation of the TCPA regulations promulgated by the FCC to "[i]nitiate, or cause to be initiated, any telephone call that includes or introduces an advertisement or constitutes telemarketing, …artificial or prerecorded voice …other than a call made with the prior

express written consent of the called party or the prior express consent of the called party when the call is made…"  47 C.F.R. § 64.1200(a)(2).

39.     Defendant used prerecorded messages to make non-emergency telephone calls to the telephones of Plaintiff and other members of the Class.

40.     Defendant did not have prior express written consent to call the cell phones of Plaintiff and the other members of the putative Class when its calls were made and/or failed to honor opt-out requests regarding its prerecorded solicitations.

41.     Defendant has, therefore, violated §§ 227(b) and §§ 64.1200(a) by using  prerecorded messages to make non-emergency telephone calls to the telephones of Plaintiff and the other members of the putative Class without their consent.

42.     Defendant knew that it did not have consent to make these calls, and knew or should have known that it was using prerecorded messages. The violations were therefore willful or knowing.

43.     As a result of Defendant's conduct and pursuant to § 227(b) of the TCPA, Plaintiff and the other members of the putative Class were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the members of the Class are also entitled to an injunction against future calls. *Id.*

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

a)  An order certifying this case as a class action on behalf of the Class as defined above, and appointing Plaintiff as the representative of the Class and Plaintiff's counsel as Class Counsel;

b)  An award of actual and statutory damages for Plaintiff and each member of the Class;

c)  As a result of Defendant's negligent violations of 47 U.S.C. §§ 227, *et seq.*, and 47 C.F.R. § 64.1200, Plaintiff seeks for Plaintiff and each member of the Class $500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3).

d)  As a result of Defendant's knowing and/or willful violations of 47 U.S.C. §§ 227, *et seq.*, and 47 C.F.R. § 64.1200, Plaintiff seeks for Plaintiff and each member of the Class treble damages, as provided by statute, up to $1,500.00 for each and every violation pursuant to 47 U.S.C. § 227(b)(3).

e)  An order declaring that Defendant's actions, as set out above, violate the TCPA;

f)  An injunction requiring Defendant to cease all unsolicited call activity without obtaining consent first and to otherwise protect the interests of the Class;

g)  Such further and other relief as the Court deems necessary.

### JURY DEMAND

Plaintiff hereby demands a trial by jury.

### DOCUMENT PRESERVATION DEMAND

Plaintiff demands that Defendants take affirmative steps to preserve all records, call logs, transmission logs, lists, electronic databases or other itemizations associated with the allegations herein, including all records, lists, electronic databases or other itemizations in the possession of any vendors, individuals, and/or companies contracted, hired, or directed by Defendant or its vendors/agents to assist in sending the alleged communications.

Dated: March 25, 2022

Respectfully submitted,

By: */s/ Manuel Hiraldo*
**HIRALDO P.A.**
Manuel S. Hiraldo
Florida Bar No. 030380
401 E. Las Olas Boulevard
Suite 1400
Ft. Lauderdale, Florida 33301
Email: mhiraldo@hiraldolaw.com
Telephone: 954.400.4713

*Attorneys for Plaintiff and the Proposed Class*